UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HAROLD D. STANBACK,<br><br>                Plaintiff,<br><br>   v.<br><br>LOUIS DEJOY,<br><br>                Defendant. | Case No. 3:23-cv-05731-TMC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL |

Before the Court is pro se Plaintiff Harold Stanback's motion for court-appointed counsel. Dkt. 10. For the reasons explained below, the Court DENIES Mr. Stanback's motion.

**I.   BACKGROUND**

Mr. Stanback filed this case on August 14, 2023. Dkt. 1. His complaint alleges that during his previous employment with the United States Postal Service, he was subjected to a hostile work environment and discriminated against based on his race in violation of Title VII of the Civil Rights Act of 1964. *See id.* He brought this case following a Notice of Final Action from the United States Postal Service in his agency EEO proceedings. Dkt. 1-1 at 2.

Mr. Stanback filed a motion for court-appointed counsel on October 6, 2023. Dkt. 10. His motion does not provide financial information and he has not completed a financial affidavit. *Id.* at 1. He explains that he is still trying to retain counsel but has been unsuccessful so far. *Id.* at 2.

ORDER DENYING PLAINTIFF'S MOTION FOR COURT-APPOINTED COUNSEL - 1

## II. DISCUSSION

There is generally "no constitutional right to counsel in a civil case." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021) (internal citation omitted). But in employment discrimination cases arising under Title VII of the 1964 Civil Rights Act, the Court may appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). When considering a request for counsel the Court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

The Court's resources for appointing counsel are limited and must be reserved for those cases meeting the requirements of the Civil Rights Act. Although the Court understands the difficulty Mr. Stanback faces in finding counsel and appreciates the information he has provided, his case does not currently meet those requirements for the following reasons:

First, the lack of a financial affidavit or any other information about Mr. Stanback's financial ability to hire his own attorney weighs heavily against appointment of counsel given the limited resources available.

Second, Mr. Stanback has shown he was able to retain counsel for his agency EEO proceedings, and although he has not had success to date, the Court encourages him to keep trying.

Finally, the Court cannot assess whether Mr. Stanback's claims have merit at this early stage of the litigation. Mr. Stanback's claims of racial harassment and discrimination in employment are serious matters, but the Court has not yet had any opportunity to review the parties' evidence regarding those claims or to hear Defendant's position on their merits.

### III. CONCLUSION

Future motions practice or other proceedings may allow the Court to better evaluate the merits of Mr. Stanback's claims. But on balance, at this stage of the case, and particularly considering the lack of financial information provided, Mr. Stanback does not meet the requirements for court-appointed counsel under Title VII. The Court therefore DENIES his motion to appoint counsel, Dkt. 10. This does not prevent Mr. Stanback from bringing another motion for appointed counsel at a later stage of the case or if his financial circumstances change.

The Court encourages Mr. Stanback to review this District's resources for pro se litigants, available at https://www.wawd.uscourts.gov/representing-yourself-pro-se, including the Federal Bar Association's civil rights legal clinic, with more information available at https://www.kcba.org/?pg=Neighborhood-Legal-Clinics.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of November, 2023.

Tiffany M. Cartwright
United States District Court Judge